

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2005

# Alghny Cty Prison v. Allegheny

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1975

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Alghny Cty Prison v. Allegheny" (2005). *2005 Decisions.* Paper 1442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-1975

———————

ALLEGHENY COUNTY PRISON EMPLOYEES
INDEPENDENT UNION; CHARLES MANDERINO,
individually and on behalf of the Members of ACPEIU,
Appellants

v.

COUNTY OF ALLEGHENY;
CALVIN A. LIGHTFOOT, Warden;
ALLEGHENY COUNTY JAIL

———————

On Appeal From the United States
District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 03-cv-10175)
District Judge:  Hon. Joy F. Conti

———————

Argued December 14, 2004

BEFORE:  AMBRO, VAN ANTWERPEN and
STAPLETON, Circuit Judges

(Opinion Filed: March 21, 2005)

———————

Bryan Campbell
220 Grant Street - 6th Floor
Pittsburgh, PA  15219
  and
Steven H. Bowytz (Argued)
Bowytz & Bowytz
220 Grant Street - 7th Floor
Pittsburgh, PA  15219
  Attorneys for Appellants

Michael H. Wojcik
County Solicitor
Robert L. McTiernan (Argued)
Assistant County Solicitor
Allegheny County Law Department
445 Fort Pitt Boulevard
300 Fort Pitt Commons Building
Pittsburgh, PA  15219
  Attorneys for Appellees

---

OPINION OF THE COURT

---

STAPLETON, Circuit Judge:

Because we write only for the parties who are familiar with the facts, we do not restate them below.   Appellants Allegheny County Prison Employees Independent Union and Charles Manderino (collectively "Appellants") appeal the United States District Court for the Western District of Pennsylvania's refusal to enjoin Appellees County of

Allegheny, Warden Calvin A. Lightfoot, and the Allegheny County Jail (collectively "Appellees") from conducting warrantless pat-down searches of employees entering the Allegheny County Jail. Appellants claim that the searches, conducted randomly and requiring "the removal of outer garments, shoes and belts, but not socks, and [same sex] patdowns over the abdomen and groin area that do not involve groping or massaging," App. Appellants at 23, violate their Fourth Amendment rights.[1] We will affirm.

## I.

We review the District Court's findings of fact for clear error and assess its legal conclusions *de novo*. The ultimate decision to grant or deny the injunction is reviewed for abuse of discretion. *Highmark, Inc. v. UPMC Health Plan, Inc*., 276 F.3d 160, 170 (3d Cir. 2001); *see also In re Diet Drugs*, 369 F.3d 293, 304 (3d Cir. 2004); *Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 89 n. 1 (3d Cir. 2000).

## II.

To secure an injunction, a party must show: (1) the existence of a meritorious claim; (2) the likelihood of irreparable harm if the injunction is denied more serious than the harm to the nonmoving party if it is granted; and (3) an absence of conflict with the interest of the public. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). Essentially for the reasons set forth in the District Court's thorough Memorandum Order

---

[1]In the proceedings below, Appellants claimed that the searches violated not only their right to be free from unreasonable searches under the Fourth Amendment, but also their right to equal protection under the Fourteenth Amendment. On appeal, however, Appellants claim only that their Fourth Amendment rights have been violated.

of February 4, 2004, we are satisfied that the District Court correctly denied injunctive relief.

Appellants failed to show that their rights under the Fourth Amendment are being violated. The Fourth Amendment protects individuals against "*unreasonable* searches and seizures." U.S. Const. amend IV (emphasis added). However, reasonable searches do not offend the Constitution. *See, e.g.*, *Carroll v. United States*, 267 U.S. 132, 147 (1925). To determine if a search is reasonable, courts must balance "the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 US. 520, 559 (1979).

Here, the District Court found that searches of personnel entering a detention facility are necessary to control the entry of contraband into the facility and to promote the security of employees and inmates. We agree. In addition, the District Court found, and we are satisfied, that employees at incarceration facilities have a diminished expectation of privacy while on the premises of the facility. *See McDonell v. Hunter*, 809 F.2d 1302, 1306-07 (8th Cir. 1987) (finding that correction officers have a diminished expectation of privacy "while they are within the confines of the prison"); *Sec. & Law Enforcement Employees v. Carey*, 737 F.2d 187, 202 (2d Cir. 1984) (determining that "in light of the difficult burdens of maintaining safety, order and security that our society imposes on those who staff our prisons" correctional officers have a diminished expectation of privacy while on the job). The District Court did not err when, in

4

balancing these two interests, it determined that the need to prevent the introduction of contraband in a detention facility outweighs the privacy interests of the facility's employees. Nor did the District Court err in subsequently determining that pat-down searches of correctional officers and prison employees serve the same purposes and reflect the same reduced expectations of privacy as pat-downs conducted at border checkpoints which we have held are "presumed to be reasonable under the Fourth Amendment." *Bradley v. United States*, 299 F.3d 197, 201 (3d Cir. 2002); *see also Carey*, 737 F.2d at 204 (noting that "[n]ot unlike persons crossing the borders of our country, correction officers, under proper circumstances may be" searched "to control the flow of contraband"). Thus, like searches conducted at border checkpoints, random, routine pat-down searches of prison employees are reasonable and may be conducted without a warrant or probable cause without violating Appellants' constitutional rights.

Having concluded that the challenged searches do not violate the Fourth Amendment, the District Court had no basis for granting injunctive relief. It accordingly did not err in declining to do so.

III.

The judgment of the District Court will be affirmed.